UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 00-4057

DUDLEY KIM SMITH,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 00-4062

SHARON WHITE,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-99-7)

Submitted: August 22, 2000

Decided: October 13, 2000

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John G. Lafratta, COWAN, NORTH & LAFRATTA, L.L.P., Rich-
mond, Virginia; Frederick T. Heblich, Jr., Charlottesville, Virginia,

for Appellants. Robert P. Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dudley Kim Smith and Sharon White pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C.A.§ 846 (West 1999), and use and carrying of a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West 2000). In these consolidated appeals, Smith and White claim that the district court erred by finding for sentencing purposes each of them responsible for over 1.5 kilograms of cocaine. Smith also contends that he: (1) received ineffective assistance of counsel; (2) should have been permitted to withdraw his guilty plea; and (3) was eligible for a decrease in the base offense level because of his minor or minimal role in the conspiracy. White contends that the district court erred by increasing her base offense level due to her leadership role in the conspiracy. Finding no reversible error, we affirm.[1]

We review for clear error a district court's findings as to drug amounts in determining the base offense level. The Government needs only to prove drug amounts for purposes of a base offense level by a preponderance of the evidence. We defer to the district court's credibility findings. See United States v. Uwaeme, 975 F.2d 1016,

_____

[1] We have considered the effect of Apprendi v. New Jersey, 530 U.S. ___, No. 98-478, 2000 WL 807189 (June 26, 2000), and find that, because the Appellants pled guilty to an indictment charging them with a conspiracy to distribute fifty grams or more of crack cocaine, they were properly sentenced under 21 U.S.C.A. § 841(b)(1)(A) (West 1999).

1018 (4th Cir. 1992). We find as to each Appellant that the district court was not clearly erroneous.

We decline to review Smith's claim of ineffective assistance of counsel because such a claim must be raised in the district court in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000), unless the record on direct appeal conclusively establishes ineffective assistance. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). We find that the record in the instant case does not conclusively establish that Smith's counsel was ineffective.

We find that the district court did not abuse its discretion by refusing to permit Smith to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Smith did not establish a "fair and just reason for withdrawal." Id. We also find that the court's decision not to decrease Smith's base offense level based upon his role in the offense was not clearly erroneous. **2** See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Because there was substantial evidence showing that White was a leader and organizer of a drug conspiracy with at least five participants, the four-level increase to her base offense level was not clearly erroneous.**3** See United States v. Turner, 198 F.3d 425, 432 (4th Cir. 1999), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3630 (U.S. Apr. 3, 2000) (No. 99-8513).

We affirm the convictions and sentences. We deny Smith's motion to replace his counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
**2 See U.S. Sentencing Guidelines Manual** § 3B1.2 (1998).
**3 See U.S. Sentencing Guidelines Manual** § 3B1.1 (1998).

3